UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────x Case No. 18-Civ-1942

HAGEDORN FORDHAM ROAD, INC., and
DORNHAGE REALTY COMPANY, INC.,

        Plaintiffs,

**COMPLAINT**

  - against -

MORRIS CHERA, SAMUEL CHERA, and SAMUEL CHERA AS
EXECUTOR OF THE ESTATE OF NATHAN CHERA,

        Defendants.
────────────────────────────x

    Plaintiffs, by their attorneys Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., allege as and for their complaint against defendants, as follows:

    1.    Plaintiffs, respectively, as owners of adjacent commercial properties located at 29-39 East Fordham Road and 111-119 East Fordham Road, Bronx, New York, bring this action against defendants, their former commercial tenants under written commercial lease agreements for said properties, to recover damages for unpaid rent and additional rent due and owing through June 30, 2017, in the sum of $6,238,635.31: (a) $1,142,054.42 to Hagedorn for 29-39 East Fordham Road; and (b) $5,096,580.89 to Dornhage for 111-119 East Fordham Road; plus attorneys' fees and disbursements due under the respective lease agreements.

## THE PARTIES

    2.    HAGEDORN FORDHAM ROAD, INC. (**"Hagedorn"**) is a Delaware corporation authorized to do business in New York, having its principal place of business in c/o JP Morgan Chase Bank N.A., 270 Park Avenue, New York, New York.

    3.    DORNHAGE REALTY COMPANY, INC. (**"Dornhage"**) is a New York corporation having its principal place of business in c/o JP Morgan Chase Bank N.A., 270 Park Avenue, New York, New York.

4. MORRIS CHERA **("Morris")** is a natural person residing, upon information and belief, at 1044 Ocean Avenue, Long Branch, New Jersey.

5. SAMUEL CHERA individually and AS EXECUTOR OF THE ESTATE OF NATHAN CHERA **("Samuel")** is a natural person residing, upon information and belief, at 29 Allen Avenue, Allenhurst, New Jersey.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount of damages sought herein exceeds $75,000.

7. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and in which a substantial part of property that is the subject of the action is situated.

## BACKGROUND

8. Hagedorn is the owner of the property known as and located at 29 a/k/a 29-39 East Fordham Road **("29-39 EFR")**.

9. Dornhage is the owner of the property known as and located at 111 a/k/a 111-119 East Fordham Road **("111-119 EFR")**.

10. Pursuant to a written commercial Agreement of Lease dated as of January 3, 1984, as amended **(the "29-39 Lease")**, Hagedorn, as Owner, leased to Nathan Chera and Morris Chera, as Tenant **(the "29-39 Tenants")**, a portion of 29-39 EFR described as:

> The store known as 39 E. Fordham Road, the selling space on the second floor known as Room No. 203 and the garage at the rear of the driveway, in the building known as 29 East Fordham Road in the Borough of Bronx, City of New York **(the "29-39 Premises")**.

11. Pursuant to a written commercial Lease Agreement dated as of July 10, 1987, as amended **(the "111-119 Lease")**, Dornhage, as Owner, leased to Nathan Chera and Samuel Chera, as Tenant **(the "111-119 Tenants")**, a portion of 111-119 EFR described as:

> All that certain plot, piece or parcel of land, with the building erected thereon, situate, lying and being in the Borough and County of Bronx, City and State of New York known as 111-119 East Fordham Road, Bronx, New York, as more particularly described in Schedule A hereto[1] **(the "111-119 Premises")**.

12. Nathan Chera, one of the lessees under each of the 29-39 Lease and the 111-119 Lease **(together, the "Leases")**, upon information and belief, died on October 5, 2013.

13. Samuel Chera, upon information and belief, was appointed as executor of the estate of Nathan Chera.

14. By letter agreement dated April 6, 2016 **(the "29-39 Rent Deferral Letter Agreement")**, signed by Hagedorn and by Samuel as executor of Nathan Chera's estate, the parties affirmed the amount of rent and additional rent arrears then due and owing to Hagedorn under the 29-39 Lease – $797,660.00 – and agreed to a temporary rent reduction and deferral which expired September 30, 2016, and which provided that all deferred rents would immediately become due and payable in the event of a default.

15. By letter agreement dated April 6, 2016 **(the "111-119 Rent Deferral Letter Agreement")**, signed by Dornhage and by Samuel individually and as executor of Nathan Chera's estate, the parties affirmed the amount of rent and additional rent arrears then due and owing to Dornhage under the 111-119 Lease – $3,918,358.46 – and agreed to a temporary rent reduction and deferral which expired September 30, 2016, and which provided that all deferred rents would immediately become due and payable in the event of a default.

---

[1] Schedule A to the 111-119 Lease describes the 111-119 Premises using the metes and bounds description of 111-119 EFR located at Block 3174, Lot 40, of the Bronx County Tax Map.

16. Defendants, as tenants under their respective leases, failed to begin repaying the deferred rent and additional rent beginning on October 1, 2016, as required by the 29-39 Rent Deferral Letter Agreement and the 111-119 Rent Deferral Letter Agreement.

17. Accordingly, all deferred rents under said Rent Deferral Letter Agreements immediately became due and payable to plaintiffs, respectively.

18. When the defendants commercial tenants failed to pay said rents, plaintiffs caused rent demands to be served upon each of them, both dated February 7, 2017: (a) one to the 29-39 Tenants demanding the payment of rent and additional rent due under the 29-39 Lease totaling $999,201.76; and (b) one to the 111-119 Tenants demanding the payment of rent and additional rent due under the 111-119 Lease totaling $4,778,023.27.

19. By Notices of Petition and Petitions, both dated March 3, 2017, and filed on March 7, 2017, each plaintiff commenced a summary non-payment proceeding against its respective tenants demanding judgments of possession and money judgments for rent and additional rent then due and owing under the Leases: (a) against the 29-39 Tenants entitled <u>Hagedorn Fordham Road, Inc. v. Samuel Chera as Executor of the Estate of Nathan Chera and Morris Chera</u>, Civil Court, Bronx County, Index No. L&T 900431/2017; and (b) against the 111-119 Tenants entitled <u>Dornhage Realty Company, Inc. v. Samuel Chera as Executor of the Estate of Nathan Chera and Samuel Chera</u>, Civil Court, Bronx County, Index No. L&T 900432/2017 **(together, the "<u>Landlord-Tenant Proceedings</u>")**.

20. By notices of motion dated April 14, 2017, plaintiffs moved in each of the Landlord-Tenant Proceedings for summary judgment against the defendants.

21. The parties, by their respective counsel, thereafter negotiated and concluded written settlements in each of the Landlord-Tenant Proceedings which provided for the plaintiffs' recovery of possession of the properties from defendants effective as of June 30, 2017, and for plaintiffs' monetary claims against defendants to be severed and discontinued without prejudice.

22. Plaintiffs now seek to recover damages from the defendants for the rent and additional rent due and owing under the Leases through June 30, 2017, plus attorneys' fees and disbursements due under the Leases.

## AS AND FOR A FIRST CAUSE OF ACTION

23. Plaintiffs incorporate by reference the allegations set forth in ¶¶ 1 through 22 above as if fully set forth herein at length.

24. Pursuant to the terms of the 29-39 Lease, as modified by the 29-39 Rent Deferral Letter Agreement, the 29-39 Tenants owe Hagedorn rent and additional rent for the 29-39 Premises totaling $1,142,054.42 through June 30, 2017, plus attorneys' fees and disbursements incurred both in the Landlord-Tenant Proceedings and in this action, no part of which has been paid, and all of which remains due and owing.

25. Hagedorn requests judgment against 29-39 Tenants Morris and Samuel, jointly and severally, in the sum of $1,142,054.42, plus attorneys' fees and disbursements incurred both in the Landlord-Tenant Proceedings and in this action, plus interest at the legal rate from June 30, 2017, to the date of the judgment herein.

## AS AND FOR A SECOND CAUSE OF ACTION

26. Plaintiffs incorporate by reference the allegations set forth in ¶¶ 1 through 22 above as if fully set forth herein at length.

27. Pursuant to the terms of the 111-119 Lease, as modified by the 111-119 Rent Deferral Letter Agreement, the 111-119 Tenants owe Dornhage rent and additional rent for the 111-119 Premises totaling $5,096,580.89 through June 30, 2017, plus attorneys' fees and disbursements incurred both in the Landlord-Tenant Proceedings and in this action, no part of which has been paid, and all of which remains due and owing.

28. Dornhage requests judgment against 111-119 Tenants Samuel, individually and as executor of the estate of Nathan Chera, jointly and severally, in the sum of $5,096,580.89, plus attorneys' fees and disbursements incurred both in the Landlord-Tenant Proceedings and in this action, plus interest at the legal rate from June 30, 2017, to the date of the judgment herein.

WHEREFORE, plaintiffs demand judgment against defendants as follows:

### On the First Cause of Action

(a) that plaintiff Hagedorn recover from defendants Morris and Samuel, jointly and severally, the sum of $1,142,054.42, plus attorneys' fees and disbursements incurred both in the Landlord-Tenant Proceedings and in this action, plus interest at the legal rate from June 30, 2017, to the date of the judgment herein; and

### On the Second Cause of Action

(b) that plaintiff Dornhage recover from defendants Samuel, individually and as executor of the estate of Nathan Chera, jointly and severally, in the sum of $5,096,580.89, plus attorneys' fees and disbursements incurred both in the Landlord-Tenant Proceedings and in this action, plus interest at the legal rate from June 30, 2017, to the date of the judgment herein;

together with the costs and disbursements of this action, and such other, further and different relief as is just and proper.

Dated: New York, New York
March 5, 2018

BORAH, GOLDSTEIN, ALTSCHULER,
NAHINS & GOIDEL, P.C.

By: _____
Joseph I. Farca
Attorneys for Plaintiffs
377 Broadway, 6th Floor
New York, New York 10013
(212) 431-1300, Ext. 610