UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAGEDORN FORDHAM ROAD, INC. and
DORNHAGE REALTY COMPANY, INC.,

                                          Plaintiff,

- against -

MORRIS CHERA, SAMUEL CHERA, and
SAMUEL CHERA AS EXECUTOR OF THE
ESTATE OF NATHAN CHERA,

                                          Defendants.

**Civil Action No: 18-cv-01942**

**ANSWER**

**JURY TRIAL DEMANDED**

Defendant **MORRIS CHERA**, by his attorneys, Law Office of Alan J. Sasson, P.C., for his answer to the Plaintiff's complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

1. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4. Defendant Morris Chera admits the allegations in paragraph 4.

5. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23. Defendant Morris Chera repeats and realleges each of his denials and other responses to Paragraphs "1" through "22" of the Complaint, as set forth at length herein.

24. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26. Defendant Morris Chera repeats and realleges each of his denials and other responses to Paragraphs "1" through "25" of the Complaint, as set forth at length herein.

27. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28. Defendant Morris Chera lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

29. The Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

30. Plaintiff's cause of action alleged in the complaint are barred by the doctrines of laches, estoppel, waiver, unclean hands, ratification, and release.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

31. Any alleged outstanding obligations from Defendant Morris Chera to plaintiff, of which there are none, have been discharged via the doctrine of accord and satisfaction.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

32. Plaintiff seeks to take unconscionable and oppressive advantage of Defendant Morris Chera. As such, Plaintiff cannot be permitted to bring this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

33. Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

34. Plaintiff lacks standing and/or capacity to bring this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

35. Plaintiff has suffered no provable damages that are attributed to any conduct on the part of Defendant Morris Chera.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

36. This Honorable Court lacks jurisdiction over the Defendant Morris Chera.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

37. Plaintiff has failed to obtain *in personam* jurisdiction over the Defendant Morris Chera.

38. The Court does not have personal jurisdiction over the Defendant Morris Chera.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

39. The Defendant Morris Chera was never served with process.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

40. The Plaintiff violated their duty of good faith and fair dealing.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

41. Plaintiff acted in bad faith.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

42. The statute of frauds bars recovery.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

43. Plaintiff cannot recover damages because any damages or losses were caused by intervening events which Defendant Morris Chera was not legally responsible for.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

44. Plaintiff has not made efforts to mitigate, reduce, or otherwise avoid the alleged damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

45. Any amount of alleged damages must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of plaintiff.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

46. Plaintiff's complaint must be dismissed because plaintiff fails to join a necessary and indispensable party to this action.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE:

47. Plaintiff's claims against Defendant Morris Chera are barred because no privity exists between plaintiff and Defendant Morris Chera.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE:

48. The Complaint is barred because the Plaintiff has released the Defendant Morris Chera from any liability.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE:

49. The claims asserted by the Plaintiff against the Defendant Morris Chera fail to allege damages with reasonable certainty.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE:

50. Plaintiff cannot recover damages because any damages or losses were caused by intervening events which Defendant Morris Chera was not legally responsible for.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE:

51. Defendant Morris Chera did not sign any lease agreement or any other agreement with Plaintiff for which Defendant Morris Chera can currently be held liable for.

52. Defendant Morris Chera is not a party to the current lease on which Plaintiff is suing.

**WHEREFORE**, it is respectfully requested that the Court dismiss the complaint in its entirety and grant such other and further relief that this court deems just and proper.

Dated: New York, New York
December 21, 2018

**LAW OFFICE OF ALAN J. SASSON, P.C.**

By: /s/ *Jason Lowe*
Jason Lowe, Esq.
Alan J. Sasson, Esq.
5300 Kings Highway
Brooklyn, NY 11234
(718) 339-0856
*Attorney for Defendant Morris Chera*